IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ATTICUS RESEARCH CORPORATION | § | |
|    *Plaintiff* | § | |
| | § | CIVIL ACTION NO. 4:10-cv-0349 |
| v. | § | |
| | § | |
| UPTIME SOFTWARE INC. | § | |
|    *Defendant* | § | |

### DEFENDANT UPTIME SOFTWARE INC'S
### MOTION TO DISMISS FOR LACK OF STANDING

TO THIS HONORABLE UNITED STATES DISTRICT COURT:

Defendant Uptime Software Inc. ("Uptime") files this Motion to Dismiss for Lack of Standing pursuant to Rule 12(b)(1) and 12(h)(3) of the Federal Rules of Civil Procedure, and in support thereof respectfully shows this Court as follows:

#### SUMMARY OF MOTION

Plaintiff Atticus Research Corporation ("Atticus") lacks standing to sue for infringement of United States Patent 6,567,937 ("the Patent" or "the '937 Patent") because Atticus does not own the patent and does not own any cause of action for infringement of the patent.

The owner of the Patent and any infringement cause of action is Isengard Corporation ("Isengard"). Isengard prosecuted and obtained the patent, but then forfeited its corporate charter for failure to pay franchise taxes in 2003. Under the Texas corporate forfeiture statutes, Isengard is prohibited from filing suit for patent infringement or engaging in any other business. The principals behind Isengard have tried to circumvent the corporate forfeiture by incorporating a new corporation (Atticus) and then purportedly assigning the patent from Isengard to Atticus. The assignment is invalid under Texas law, because it was done when Isengard was a forfeited company.

For these reasons, neither Isengard nor Atticus has standing to sue for patent infringement as a result of Isengard's forfeiture of corporate privileges in 2003. Under federal law, the lack of standing is a defect in subject matter jurisdiction which requires dismissal of the suit.

**FACTUAL BACKGROUND**

The patent at issue is the '937 Patent. See Exhibit A. On November 17, 1999, the application for the Patent was filed with the United States Patent and Trademark Office. The same day, November 17, 1999, the original inventors assigned all rights and causes of action relating to the Patent to a Texas corporation, Isengard Corporation ("Isengard"). See Exhibit B (copy of Assignment). The Patent was granted and issued on May 20, 2003. Exhibit A. From and since that time, Isengard was and has been the owner of the Patent and the causes of action for infringement.

On or about February 14, 2003 the Texas Secretary of State forfeited the corporate charter of Isengard for failure to pay franchise taxes. See Exhibit C (copy of Notice of Forfeiture by Texas Secretary of State). The forfeiture remains in place to this very day.

Sections 171.2515 and 171.252 of the Texas Tax Code provide that any corporation which has forfeited its charter for nonpayment of taxes is thereafter prohibited from engaging in any business in the State of Texas, and the corporation shall be denied the right to sue in court.

At the time of the forfeiture, Isengard was the owner of the Patent and any causes of action for infringement. As a result of the forfeiture of its corporate charter, from and after February 14, 2003 Isengard has been prohibited from filing suit on the patent or any other claim, and prohibited from making assignments, using the Patent, or otherwise engaging in business.

The principals behind Isengard sought to circumvent the Secretary of State forfeiture by creating a new corporation and assigning the patent to it. On or about October 19, 2009, more

than six years after Isengard forfeited its corporate charter, the principals behind Isengard incorporated a new Texas corporation named Atticus Research Corporation ("Atticus"). See Exhibit D. On October 29, 2009 the Patent was allegedly assigned by Isengard to four individuals, who simultaneously assigned the rights to Atticus on November 3, 2009. See Exhibits E and F. This suit was filed shortly thereafter.

At the time of the purported assignment from Isengard to Atticus in 2009, Isengard was a forfeited corporation prohibited from suing for patent infringement and prohibited from making assignments or otherwise engaging in business. By operation of law, Isengard was and remains the owner of the Patent and the right to sue. Isengard lacked the ability to sue on the Patent and or assign the Patent to Atticus. The purported assignment to Atticus was and is an invalid act of a forfeited corporation. A forfeited corporation cannot evade the prohibitions of forfeiture by the method of incorporating a new company for assignment of assets.

**ARGUMENT AND AUTHORITIES**

**Atticus Lacks Standing to Sue, because**
**Atticus is not the owner of the Patent or the causes of action for infringement**

A.   **The Law of Standing**

When a plaintiff lacks standing, the suit must be dismissed for lack of subject matter jurisdiction. *See Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-561 (1992). A federal court must dismiss an action whenever it appears subject matter jurisdiction is lacking. *See Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998).

The proper procedure to challenge the lack of standing is a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) or on the court's own motion. *See, e.g., Bender v. Williamsport Area School Dist.,* 475 U.S. 534, 541-42 (1986); *Save the Bay, Inc. v U.S. Army,* 639 F.2d 1100, 1102 (5th Cir.1981). Since Federal courts are courts of limited jurisdiction, the

party asserting jurisdiction bears the burden of establishing jurisdiction. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377(1994); *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001), *cert. denied*, 536 U.S. 960 (2002).

When standing is challenged on factual grounds, the allegations in the complaint are not controlling, and evidence outside of the pleadings is properly presented and considered by the Court to determine the merits of standing. *E.g., Williamson v. Tucker*, 645 F.2d 404, 412-13 (5th Cir. 1981). No presumptive truthfulness attaches to Plaintiff's allegations. *Id.* The plaintiff bears the burden of proving the existence of subject matter jurisdiction by a preponderance of the evidence. *Id.*; *Irwin v. Veterans Admin.*, 874 F.2d 1092, 1096 (5th Cir. 1989), *aff'd sub nom Irwin v. Dep't of Veteran Affairs*, 498 U.S. 89, 111 S.Ct. 453 (1991).

To have standing in a patent case, the plaintiff must have been the sole holder of legal title to patents in suit at the time suit was filed. *See* 35 U.S.C. § 281; *Israel Bio-Engineering Project v. Amgen, Inc.*, 475 F.3d 1256, 1264-65 (Fed. Cir. 2007); *DDB Technologies, LLC v. MLB Advanced Media, LP*, 676 F.Supp.2d 519, 531 (W.D. Tex. 2009).

**B.    Both Isengard and Atticus lack standing to sue for patent infringement due to Isengard's forfeiture of its corporate charter**

Isengard owned the Patent when issued on May 20, 2003. See Exhibit A. Because Isengard forfeited its corporate charter on February 14, 2003, Isengard has always been a forfeited corporation during its ownership of the Patent, which lasts to this day. See Exhibit C.

Section 171.2515 of the Texas Tax Code provides that a corporation which has forfeited its charter for nonpayment of taxes "forfeits the right to transact business" in this state. TEX. TAX. CODE §§ 171.2515. Section 171.252 of the Texas Tax Code explicitly provides that a forfeited corporation "shall be denied the right to sue or defend in a court of this state." TEX. TAX. CODE § 171.252(1). The federal courts are bound by this statute, since the ability of a

corporation to sue or be sued is determined by the law of the state where the Court is located or the law under which the corporation was organized; here, in both categories, Texas law controls. FED. R. CIV. P. 17(b). Thus, as here, when a corporation has forfeited its charter, it cannot file suit in Federal Court. *Id.*; s*ee, e.g., Farris v. Sambo's Restaurants, Inc.*, 498 F.Supp. 143, 146-47 (N.D. Tex 1980); *Robinette v. Merril Lynch, Pierce, Fenner & Smith, Inc.*, 2004 WL 789870 (N.D. Tex. 2004) (unpublished opinion – attached hereto as exhibit G).

By operation of the forfeiture statutes, Isengard was been the owner of the Patent as of and through the date of its corporate forfeiture in 2003. From and since the date of forfeiture, Section 171.252(1) of the Texas Tax Code specifically stripped Isengard of the right to sue for patent infringement or any other cause of action in court. Similarly, Section 171.2515 stripped Isengard of the right to transact business, which includes a prohibition on making assignments. The purported assignment to Atticus is itself a prohibited business transaction. By operation of the forfeiture statutes, Isengard lacks the ability to sue on the patent infringement claims asserted in this case.

Atticus has no standing to sue, because it does not own the Patent. The purported assignment from Isengard to Atticus is invalid and of no force or effect. By virtue of the forfeiture, Isengard was prohibited from transacting business, and this prohibition specifically prohibited Isengard from making the purported assignment of the Patent to Atticus in 2009 in circumvention of the forfeiture. *Odessa Texas Sheriff's Posse, Inc. v. Ector County*, 215 S.W.3d 458, 467-69 (Tex. App.—Eastland 2006, pet. denied). Under Texas law, an assignment made by a corporation like Isengard during the period of forfeiture is an invalid assignment. *Id*. Under Texas law, a forfeited corporation like Isengard cannot avoid the prohibition against filing suit (contained in Section 171.252 of the Texas Tax Code) by assigning the cause of action to another

entity. *Id.*

Even assuming, *arguendo*, that the assignment were valid, the statutory prohibition against suit created by Section 171.252(1) of the Texas Tax Code would still be binding upon Atticus to deny standing. An assignee steps into the shoes of his assignor and is subject to all defects and encumbrances applicable to his assignee, and a purported assignee cannot avoid the obligations of his assignor and gain greater rights than the assignor. *Houk v. Commission*, 173 F.2d 821, 825 (5th Cir. 1949); *State Fidelity Mortgage Co. v. Varner*, 740 S.W.2d 477, 480-81 (Tex. App.—Houston [1st Dist.] 1992, writ ref'd); *Burns v. Siship*, 48 S.W.3d 459, 466-67 (Tex. App.—Houston [14th Dist.] 2001, no writ). In this case, Isengard was prohibited from suing on the Patent. This fatal defect to suit by Isengard passed as a matter of law to Atticus under the law of assignment.

Stated in other words, the assignment to Atticus is invalid to evade the statutory prohibitions against filing suit by Isengard on the patent which existed at the time of the assignment and through to this very day. *Houk, supra; State, supra; Burns, supra.*

Under the prohibitions of the Texas corporate forfeiture statutes, both Isengard and Atticus lack standing to sue for Patent infringement.[1] Therefore, the lawsuit must be dismissed.

## PRAYER

FOR THE FOREGOING REASONS, Defendant Uptime Software, Inc. moves this Court to dismiss the instant action for lack of standing and subject matter jurisdiction and for such other and further relief to which it is justly entitled by law or equity.

---

[1] In the alternative, Isengard and Atticus also lack capacity to sue and the suit is properly dismissed or abated for the same reason.

          Respectfully Submitted


         By: /S/ Ralph A. Midkiff
           RALPH A. MIDKIFF
           Attorney-in-charge
           SBOT: 14025400

OF COUNSEL:

CHAMBERLAIN, HRDLICKA, WHITE,
  WILLIAMS & MARTIN
Matthew Z. Hawthorne
SBOT: 24059915
1200 Smith Street, Suite 1400
Houston, Texas  77002
(713) 654-9602
(713) 658-2553 (Fax)
ATTORNEYS FOR DEFENDANT UPTIME SOFTWARE INC.


## CERTIFICATE OF SERVICE

 I hereby certify that a true and correct copy of the foregoing has been forwarded to the following counsel of record in accordance with the District's ECF service rules on this 28th day of May 2010.


           /S/ Ralph A. Midkiff